UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10CV-P601-H

DANIEL EDWARD MEADE                                                                                    PLAINTIFF

V.

DONNA BULLOCK                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Daniel Meade, an inmate in the Bullitt County Detention Center originally filed the complaint against Danny Fackler, Jailer, Martha Knox, Deputy Jailer, Robert Adams, Staff Psychiatrist, Kentucky Correctional Psychiatric Center and Donna Bullock, Medical Team Administrator at the Bullitt County Detention Center, in their official capacities.  By Memorandum Order and Opinion dated January 6, 2011, the Court dismissed those claims but allowed Plaintiff thirty days within which to amend his complaint to name Defendants Adams and Bullock in their individual capacities.  Plaintiff filed an Amended Complaint alleging that Bullock wrongfully discontinued his medication and "forced" him "to battle mentally every day with thoughts of suicide and voices of violence and paranoia."  The remaining Defendant, Donna Bullock, has now moved for summary judgment on all the remaining claims against them.

On February 22, 2011, the Court set scheduling guidelines and required Defendant to make certain disclosures.  In compliance with those deadlines, Defendant produced the records of Plaintiff's treatment and certified that production was complete.  Plaintiff's service copy was returned as refused by the Bullitt County Detention Center due to the inmate no longer being incarcerated there.  The Court ordered all discovery to be completed no later than June 20, 2011.

Plaintiff has not provided Defendant with any records or documentation relevant to his claims. He has also failed to certify that production was complete, as required by the scheduling order. In addition, the Court's scheduling order required Plaintiff to file a pretrial memorandum by July 20, 2011.  Plaintiff failed to file a pretrial memorandum.

Essentially, Plaintiff appears to have alleged medical malpractice in his Amended Complaint. The Amended Complaint alleges that Bullock refused him the ability to see a psychiatrist and took him off needed medicines.  Under Kentucky law, a plaintiff must rely upon expert testimony to show medical liability.  Because of the technical nature of the subject matter involved in a medical malpractice case, expert evidence or testimony is nearly always necessary to support the conclusion of professional malpractice or negligence.  *Deutsch v. Shein*, 597 S.W.2d 141 (Ky. 1980); *Harmon v. Rust*, 420 S.W.2d 563 (Ky. 1967); *Jarboe v. Harting*, 397 S.W.2d 775 (Ky. 1965).  Plaintiff has failed to identify experts who will testify in this case. Plaintiff has not disclosed any witnesses who plan to provide any opinions critical of the care rendered by Donna Bullock.

Plaintiff lacks affirmative evidence with respect to both standard of care and causation. Defendant Bullock has stated affirmatively in her answer that her care and treatment of Plaintiff conformed to the applicable standard of care.  The evidence of record tends to support this view. Indeed, none of the medical records support a contrary conclusion.  At best, the evidence shows a potential difference of opinion between Plaintiff's lay view and all of the medical professionals who treated him.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is

2

SUSTAINED and Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record